The Honorable Tana Lin

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 23-cr-00142-TL |
| Plaintiff, | DEFENDANT'S MEMORANDUM |
| v. | FOR STIPULATED FACTS TRIAL |
| KEITH RUSSELL, | |
| Defendant. | |

## **MEMORANDUM**

Defendant Keith Russell, by and through his attorney Christopher Carney, submits this Memorandum to assist the Court in resolving issues likely to be presented at the hearing on the scheduled stipulated facts trial.

**A. The Parties are Ready to Proceed with the Stipulated Facts Trial**

The Parties have agreed to submit this case for stipulated facts trial by the Court. There are no outstanding evidentiary issues, no testimony to be presented, and no witnesses that could be unavailable. The Court has issued its written ruling suppressing evidence. The case is fully prepared to proceed to resolution.



### B. Mr. Russell Objects to any Continuance

Mr. Russell has been in custody on this charge continuously since his July 17, 2023 arrest; nearly sixteen months. Multiple prior delays have been attributable to no fault of Mr. Russell's, including multiple periods of unavailability of Officer French. Mr. Russell objects to any further delay.

In 18 U.S.C. § 3161, Congress has set forth valid reasons to postpone a defendant's trial, resulting in periods excluded from the speedy trial deadline. See 18 U.S.C. § 3161(h)(1)-(7). None of these enumerated reasons support a continuance or excluded period here. In such a circumstance, delay may be granted only where the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A); *United States v. Henry*, 984 F.3d 1343, 1350 (9th Cir. 2021).

The district court must make certain findings to exclude time from the Speedy Trial clock based on the "ends of justice":

> No such period of delay... shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

*Id*.

In evaluating the sufficiency of the basis for an "ends of justice" continuance, "[C]ourts look particularly to whether the delay was *necessary to achieve its purpose* and to whether there was any actual prejudice suffered by the appellant." *Henry*, 984 F.3d at 1350 (citing *United States v. Hall*, 181 F.3d 1057, 1062 (9th Cir. 1999).

In this instance, there is no purpose for which delay could be necessary. Given the posture of the case, nothing currently stands in the way of its immediate resolution. Under these circumstances, there is no basis to find that "the ends of justice served by the granting of such

DEFENDANT'S MEMORANDUM FOR
STIPULATED FACTS TRIAL
U.S. v. Russell 23-cr-00142-TL
Page 2 of 5

CARNEY GILLESPIE
600 First Ave, Suite LL08
Seattle, WA 98104
206.445.0220 MAIN
206.238.9987 FAX
carneygillespie.com

continuance outweigh the best interests of the public and the defendant in a speedy trial," and the Government's request to stall should be denied.

### C. Mr. Russell Must be Acquitted

Following the Court's Order on Motion to Suppress Evidence and for Franks Hearing, ECF 89, all evidence available to the Government to support the charge against Mr. Russell has now been suppressed. In the absence of any admissible evidence to support the charge, the Defense moves pursuant to Fed. R. Crim. P. 29(a) for a judgment of acquittal:

> After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.

Fed. R. Crim. P. 29(a).

In the absence of *any* admissible evidence, there clearly cannot be sufficient evidence to sustain a conviction of Mr. Russell.

### D. Mr. Russell Must be Released Upon Acquittal

Following the dismissal that must result following the stipulated facts trial, Mr. Russell must be released from custody. This is true regardless of whether the Government files or intends to appeal the Court's Order suppressing evidence. Under 18 U.S.C. § 3143(c), a district court evaluates release or detention in such circumstances under 18 U.S.C. § 3142, "which requires that a person is 'charged with an offense.'" *United States v. Daniel,* 20 CR 002 N.D. Ill. (Jan 09, 2024)(citing *United States v. Hudson,* 3 F.Supp.3d 772, 788 (C.D. Cal.)("since there is no longer an operative indictment, there is no possible way for the court to further restrain [the defendant's] liberty.") Once the stipulated facts trial concludes, Mr. Russell must be released.

### E. Even if the Court Grants Delay, Mr. Russell Should be Released

DEFENDANT'S MEMORANDUM FOR
STIPULATED FACTS TRIAL
U.S. v. Russell 23-cr-00142-TL
Page 3 of 5

CARNEY GILLESPIE
600 First Ave, Suite LL08
Seattle, WA 98104
206.445.0220 MAIN
206.238.9987 FAX
carneygillespie.com

The Court's Order suppressing effectively all of the evidence relevant to the charge is clearly a meaningful change in circumstances justifying review of Mr. Russell's detention status. *See* 18 U.S.C. § 3142(f)(2); *U.S. v. Shareef*, 907 F. Supp. 1481, 1483 (D. Kan. 1995)("Suppression of all the evidence in the case is information that may form the basis upon which a detention hearing may be reopened.")(citing *United States v. Peralta,* 849 F.2d 625 (D.C.Cir.1988).

The United States bears the burden of showing that the defendant should be detained. *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991). In this regard, the District Court is instructed to consider "the weight of the evidence against the person." 18 U.S.C. § 3142(g). In the widely-cited *Shareef* case, the court observed that

> The court must also consider the length of detention in light of the weight of the evidence against defendants. The trial judge has suppressed all of the evidence in the case, therefore, at this time, there is no admissible evidence upon which defendants could be tried. When the evidence against the defendant is strong and conviction is likely, the quantity and quality of the evidence may, in some cases, outweigh the concerns related to the period of detention. However, when the admissibility of all evidence against defendants is questionable, as here, prolonged pretrial detention must be subjected to more careful scrutiny than might otherwise be required. *The court must seek to avoid the likelihood that a defendant would be required to serve nearly as long a period of imprisonment through pretrial detention as he would if found guilty of the offense, when it appears to the court that the quantity and/or quality of the evidence is problematic.*

*Shareef*, 907 F. Supp. at 1484-1485(emphasis added).

In this instance, Mr. Russell has already been detained for nearly sixteen months. If he were to be detained throughout the likely year-long or longer process to secure a ruling on the Government's threatened appeal, he would have served a majority of his guideline range sentence for the offense charged. In this regard, *Shareef* reminds us that "fundamental fairness requires that defendants, presumed innocent, not be required to serve a major portion of the

DEFENDANT'S MEMORANDUM FOR
STIPULATED FACTS TRIAL
U.S. v. Russell 23-cr-00142-TL
Page 4 of 5

CARNEY GILLESPIE
600 First Ave, Suite LL08
Seattle, WA 98104
206.445.0220 MAIN
206.238.9987 FAX
carneygillespie.com

sentence to which he or she would be subject prior to a determination of guilt." *Shareef*, 907 F. Supp. at 1484.

## CONCLUSION

The defense respectfully requests that the Court deny any request for further delay, to enter a judgment of acquittal, and to order Mr. Russell's immediate release.

DATED this 12th day of November, 2024.

Respectfully submitted:

s/Christopher Carney
Christopher Carney, WSBA #30325
Attorney for Defendant Keith Russell
600 1st Ave
Seattle WA 98104
Tel. 206-445-0212
Christopher.Carney@carneygillespie.com

This filing contains 1223 words, in compliance with the local rules.

.

**DEFENDANT'S MEMORANDUM FOR STIPULATED FACTS TRIAL**
U.S. v. Russell 23-cr-00142-TL
Page 5 of 5

CARNEY GILLESPIE
600 First Ave, Suite LL08
Seattle, WA 98104
206.445.0220 MAIN
206.238.9987 FAX
carneygillespie.com